## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES—GENERAL

| Case No. | CV 17-6699-VAP (KK) | | Date: | September 22, 2017 |
|---|---|---|---|---|
| Title: | *Junior Moore v. J. Gustello* | | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** **(In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed Due to Failure to Sign, As Untimely, and/or Due to Failure to Exhaust**

## I.
## INTRODUCTION

On August 26, 2017, Demond Hershawn Little ("Little"), purportedly on behalf of Petitioner Junior Moore ("Petitioner"), constructively filed[1] a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (the "Petition"). ECF Docket No. ("Dkt.") 1.[2] For the reasons set forth below, the Petition appears subject to dismissal. The Court will not make a final

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010). Here, however, Petitioner neither signed nor dated the Petition. In fact, the signature page of the form petition appears to be missing. However, Petitioner signed his Request for Appointment of Counsel and Declaration of Indigency, which was dated as August 26, 2017. ECF Docket No. ("Dkt.") 3. Therefore, the Court deems August 26, 2017 the constructive filing date without prejudice.

[2] The Court refers to the pages of the Petition as they are consecutively numbered by the Court's electronic docketing system. While the instant Petition was prepared on a standardized form, the Petition appears to be missing pages two, four, six, eight, and ten of the first ten pages, and page two in the Request to Proceed Without Prepaying of Filing Fees with Declaration in Support. Dkt. 1.

**CIVIL MINUTES—GENERAL**                    Initials of Deputy Clerk ___

determination regarding whether the federal Petition should be dismissed, however, without giving Petitioner an opportunity to address these issues.

Accordingly, the Court hereby issues this Order to Show Cause why the Petition should not be dismissed, and specifically orders Petitioner to respond to the Order to Show Cause in writing **no later than October 12, 2017**. The Court further directs Petitioner to review the information that follows, which provides additional explanation as to why the federal Petition appears to be subject to dismissal and may assist Petitioner in determining how to respond.

## II.
## BACKGROUND

On March 25, 2014, following a jury trial in California Superior Court for the County of Los Angeles, Petitioner was convicted of arson of an inhabited structure in violation of Section 451(b) of the California Penal Code. See People v. Moore, No. B255353, 2015 WL 4751619, at *1 (Cal. Ct. App. Aug. 12, 2015).[3] Petitioner was sentenced to twenty-five years to life term for arson under the Three Strikes Law (Section 667 (b)-(j) of the California Penal Code), plus two consecutive five-year terms (Section 667(a)). Id.

On April 2, 2014, Petitioner filed a direct appeal in the California Court of Appeal. See California Courts, Appellate Courts Case Information, Case Summary (Sept. 19, 2017, 3:11 PM), http://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=2&doc_id=2073463&doc_no=B255353. On August 12, 2015, the California Court of Appeal affirmed Petitioner's conviction. Id.

On August 26, 2017, Little, purportedly on behalf of Petitioner, constructively filed the instant Petition. Dkt. 1.

## III.
## DISCUSSION

### A.   THE PETITION IS NOT SIGNED BY PETITIONER AND IS SUBJECT TO DISMISSAL

The district court may dismiss or refuse to file a petition that is unsigned or unverified by the petitioner. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990); Application of Gibson, 218 F.2d 320 (9th Cir. 1954), cert. denied, 348 U.S. 955 (1955).

Generally, a non-lawyer may not represent in litigation anyone other than himself. See Campbell v. Burt, 141 F.3d 927, 931 (9th Cir. 1998); Johns v. Cty. of San Diego, 114 F.3d 874, 877 (9th Cir. 1997); see L.R. 83-2.10.2 ("A non-attorney guardian for a minor or an incompetent

---

[3] The Court takes judicial notice of Petitioner's prior proceedings in this Court and in the state courts. See In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011).

person must be represented by counsel."). To bring a habeas petition on behalf of another, a "putative next friend must show: (1) that the petitioner is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability; and (2) the next friend has some significant relationship with, and is truly dedicated to the best interests of, the petitioner." <u>Massie ex rel. Kroll v. Woodford</u>, 244 F.3d 1192, 1194 (9th Cir. 2001). However, "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." <u>Whitmore v. Arkansas</u>, 495 U.S. 149, 163, 110 S. Ct. 1717, 109 L. Ed. 2. 135 (1990). Petitioner's "next friend" must present "'meaningful evidence' that petitioner is suffering from a mental disease, disorder, or defect that substantially affects his capacity to make an intelligent decision." <u>Woodford</u>, 244 F.3d at 1196 (citing <u>Whitmore</u>, 495 U.S. at 166).

Here, Petitioner did not sign the Petition. Petitioner's friend and fellow inmate, Little, purports to bring this action <u>pro se</u> on behalf of Petitioner. Dkt. 1, Pet. at 8.[4] Little claims Petitioner is "mentally ill and has been housed in a mental setting for[] a [number] of [years], which place him under the American Disability Act (ADA) and EOP." Dkt. 1, Pet. at 3. However, Little does not meet the two prongs of next friend standing because he does not (1) present "meaningful evidence" that Petitioner's capacity is substantially affected to make an intelligent decision; or (2) present any evidence that he has "some significant relationship with, and is truly dedicated to the best interest of" Petitioner. Furthermore, Little did not sign the Petition because the signature page of the form petition appears to be missing. Thus, without next friend standing and Little's signature, the Petition is subject to dismissal because it is not signed by Petitioner.

**B.** **THE PETITION IS UNTIMELY AND IS SUBJECT TO DISMISSAL**

**1.** **THE PETITION WAS FILED AFTER AEDPA'S ONE-YEAR LIMITATIONS PERIOD**

Petitioner filed the Petition after April 24, 1996, the effective date of AEDPA. Dkt. 1. Therefore, the requirements for habeas relief set forth in AEDPA apply. <u>Soto v. Ryan</u>, 760 F.3d 947, 956-57 (9th Cir. 2014). AEDPA "sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition." <u>Thompson v. Lea</u>, 681 F.3d 1093, 1093 (9th Cir. 2012) (citation omitted). Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)"). If a petitioner files a direct appeal to a state appellate court but no petition for review to the highest state court, the conviction becomes final forty days after the state appellate court issues

---

[4] In a Declaration for Counsel, Petitioner's friend and fellow inmate wrote, "I am not a part of this action, but ha[ve] gr[eat] concern for a friend of min[e] for years, who is unable to file pleading without the help of other inmates. He also do[es] [not] know he has rights to appeal[] process. [T]his inmate should be granted counsel to conduct an Evidentiary hearing to determin[e] his mental ability to file such petition, WRIT OF HABEAS." Dkt. 1, Pet. at 8.

**CIVIL MINUTES—GENERAL** Initials of Deputy Clerk ___

its decision. <u>Brown v. Sisto</u>, 303 F. App'x 458, 459 (9th Cir. 2008)[5]; <u>see</u> Cal. R. Ct. 8.366(b)(1) ("[A] Court of Appeal decision in a [criminal] proceeding . . . , including an order dismissing an appeal involuntarily, is final in that court 30 days after filing."); Cal. R. Ct. 8.500(e)(1) ("A petition for review must be served and filed within 10 days after the Court of Appeal decision is final in that court.").

Here, the California Court of Appeal affirmed Petitioner's conviction on direct appeal on August 12, 2015. Petitioner concedes he has not filed a petition for review with the California Supreme Court of the Court of Appeal decision. Dkt. 1, Pet. at 2. A search of the California Supreme Court's website confirms no filings by any person with Petitioner's name petitioned for review with the California Supreme Court. Hence, Petitioner's conviction became final on September 21, 2015, forty days after the California Court of Appeal issued its decision denying Petitioner's direct appeal on August 12, 2015. <u>See</u> <u>Brown</u>, 303 F. App'x at 459. AEDPA's one-year limitations period commenced the next day, September 22, 2015, and expired on September 22, 2016. <u>See</u> 28 U.S.C. § 2244(d)(1). However, Petitioner did not file the instant Petition until August 26, 2017. Dkt. 1. Therefore, the Court deems the instant Petition untimely by over eleven months, in the absence of any applicable tolling.

## 2.    STATUTORY TOLLING DOES NOT RENDER THE PETITION TIMELY

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" <u>Nedds v. Calderon</u>, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2) ("Section 2244(d)(2)")). Statutory tolling does not extend to the time between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because, during that time, there is no case "pending." <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999). However, a petitioner is entitled to statutory tolling (i.e. gap tolling) for reasonable periods between the filing of properly filed applications for State post-conviction or other collateral review. <u>Nedds</u>, 678 F.3d at 781. Moreover, "[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003) (citation omitted).

Here, Petitioner concedes he did not file any state habeas petitions. Dkt. 1, Pet. at 2, 3, 4. Therefore, statutory tolling does not render the Petition timely.

## 3.    EQUITABLE TOLLING DOES NOT RENDER THE PETITION TIMELY

In addition to the statutory tolling provided for by Section 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." <u>Doe v. Busby</u>, 661 F.3d 1001,

---

[5] The Court may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007. U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed R. App. P. 32.1(a).

1011 (9th Cir. 2011). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010). A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014). The petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, 'lest the exceptions swallow the rule.'" Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2015) (quoting Bills, 628 F.3d at 1097).

Here, Petitioner does not appear to specifically identify any reasons entitling him to equitable tolling, and the Court has not found any basis to support such a claim. Thus, equitable tolling does not render the Petition timely. Bills, 628 F.3d at 1097.

## C. THE PETITION IS A WHOLLY UNEXHAUSTED PETITION SUBJECT TO DISMISSAL

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. O'Sullivan, 526 U.S. at 845.

For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his claims in a petition to the California Supreme Court. See id. (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888.

In this case, Petitioner raises two grounds for relief in his Petition: (1) Petitioner is procedurally barred to file a writ in the California Supreme Court; and (2) Prosecutorial Misconduct. Dkt. 1, Pet. at 3. Petitioner, however, concedes he has not raised any of his grounds for relief to the California Supreme Court. Id. at 2, 3. Accordingly, it appears none of the grounds Petitioner raises in the instant Petition have been ruled on by the California Supreme Court. Thus, the Petition is a wholly unexhausted petition subject to dismissal.

/ / /
/ / /
/ / /
/ / /
/ / /

**CIVIL MINUTES—GENERAL**                    Initials of Deputy Clerk ___

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## IV.
## <u>ORDER</u>

For all of the foregoing reasons, the Petition appears subject to dismissal. Petitioner is therefore ORDERED TO SHOW CAUSE why the Petition should not be dismissed by filing written responses as set forth below **no later than October 21 , 2017.**

FIRST, Petitioner must address his failure to sign the Petition by either (1) clearly explaining in writing and presenting evidence clearly articulating why Petitioner's friend is entitled to "next friend" standing to represent Petitioner; or (2) filing a <u>signed</u> First Amended Petition. The First Amended Petition shall be complete in itself. It shall not refer in any manner to the original Petition. In other words, Petitioner must start over when preparing the First Amended Petition.

SECOND, Petitioner must address the apparent untimeliness of the Petition and failure to exhaust his claims.

A. Petitioner is therefore ORDERED TO SHOW CAUSE in a written response explaining why the Petition should not be dismissed as untimely**.** Petitioner is advised to inform the Court of any reason demonstrating entitlement to statutory or equitable tolling.

B. If Petitioner contends the Petition is timely, Petitioner is also ORDERED TO SHOW CAUSE why the Petition should not be dismissed for failure to exhaust state remedies by filing a written response**.** In doing so, Petitioner may choose from the following options:

**<u>Option 1 - Petitioner May Explain The Petition Is Exhausted:</u>** If Petitioner contends he has, in fact, exhausted his state court remedies on the grounds raised in his Petition, he should clearly explain this in a written response to this Order to Show Cause. Petitioner should attach to his response copies of any documents establishing that grounds one and two are indeed exhausted.

**Option 2 - Petitioner May Request A Rhines Stay:** Under <u>Rhines v. Weber</u>, 544 U.S. 269, 161 L. Ed. 2d 440, 161 L. Ed. 2d 440 (2005), a district court has discretion to stay a petition to allow a petitioner time to present his unexhausted claims to state courts. <u>Id.</u> at 276; <u>Mena v. Long</u>, 813 F.3d 907, 908 (9th Cir. 2016) (holding the <u>Rhines</u> stay-and-abeyance procedure applies to both mixed and fully unexhausted habeas petitions). This stay and abeyance procedure is called a "<u>Rhines</u> stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. <u>Rhines</u>, 544 U.S. at 277-78.

Petitioner may file a motion for a <u>Rhines</u> stay and support his request by showing: (1) there is "good cause" for the failure to exhaust; (2) the grounds raised are not "plainly meritless"; and (3) Petitioner did not intentionally engage in dilatory litigation tactics. <u>See id.</u> Petitioner should include any evidence supporting his request for a <u>Rhines</u> stay.

**Caution:** Petitioner is cautioned that if he requests a stay and the Court denies the request for a stay, or if Petitioner contends that he has in fact exhausted his state court remedies on all grounds and the Court disagrees, the Court will dismiss the Petition for failure to exhaust state remedies. **Accordingly, Petitioner may select options in the alternative.**

ALTERNATIVELY, **Petitioner May Voluntarily Dismiss Action Without Prejudice:** Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Petitioner's convenience. The Court advises Petitioner, however, that if Petitioner should later attempt to again raise any dismissed claims in a subsequent habeas petition, those claims may be time-barred under the statute of limitations in Section 2244(d)(1). 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

**The Court expressly warns Petitioner that failure to timely file a response to this Order will result in the Court dismissing this action without prejudice for his failure to comply with court orders and failure to prosecute. See Fed. R. Civ. P. 41(b).**

**The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.**

**IT IS SO ORDERED.**